[Civ. No. 11519. First Dist., Div. One.—May 15, 1941.]

FRANK J. BEAL, Respondent, v. ETHEL BEAL DUNN, Appellant.

Meurice Swim for Appellant.

Jerome L. Schiller for Respondent.

BRAY, J., *pro tem.*—Defendant appeals from an order granting plaintiff a new trial. The action was brought by plaintiff to recover the physical possession of a $3,000 policy of insurance upon the life of the plaintiff, which, at the time the action was filed, was in the possession of the defendant, his daughter, and in which the defendant was named as the sole beneficiary. How the policy came into defendant's hands is disputed. Defendant claims, and the court originally found, that the policy was given by the father, the plaintiff, to the daughter on Thanksgiving Day, 1927, under an oral agreement then entered into whereby, in exchange for the policy, defendant was to furnish and provide plaintiff with a home rent free in Sacramento. Plaintiff denies this or any agreement, and claims that the policy was in the safe deposit box of plaintiff's wife, defendant's mother, and that upon the mother's death in 1927, the defendant took possession of the contents of that box, including the policy. The policy was issued in 1893 with the wife as beneficiary. Upon her death, under the terms of the policy, defendant, the sole child of plaintiff, became the beneficiary. It is conceded that defendant has had physical possession of the policy since

1927 and has paid the premiums thereon during all that time; also, that since that year plaintiff has occupied, rent free, defendant's house in Sacramento, which house had come to defendant through her mother's estate. The evidence also shows that plaintiff had, over the years, rented out rooms in this residence and retained the rents to his own use. Defendant, by counterclaim and cross-complaint, sought to recover the full rental value of this property for the eleven years subsequent to his wife's death during which plaintiff had occupied it.

The lower court, at the end of the trial, gave an oral opinion ending up with the following statement: "Therefore the only thing I can do is to leave the parties in exactly the same position as they were when they came into this court: namely, I will give no judgment either way—no judgment for the plaintiff, no affirmative judgment—no affirmative judgment against the other side." However, the court found that the oral agreement claimed by the defendant had been entered into and carried out, and that defendant was the owner and entitled to the possession of the policy, and then denied defendant any relief under the counterclaim and cross-complaint. After judgment was entered accordingly, plaintiff moved for a new trial on all the statutory grounds. Thereupon, the court, the same judge sitting who had tried the case, granted the motion for new trial "upon the ground of the insufficiency of the evidence to sustain the decision heretofore rendered in said action, and upon each and all of the other and further grounds enumerated and specified" in the notice of intention to move for a new trial.

On the motion for a new trial plaintiff had filed affidavits setting forth certain alleged newly discovered evidence, and also matters which he claimed constituted irregularity and surprise at the trial. The sufficiency of these affidavits as a basis for a new trial on these grounds is strongly attacked by defendant. However, it is not necessary to discuss the affidavits, or the matters therein contained, for the reason that the court specifically granted the new trial upon the ground of the insufficiency of the evidence, as well as upon the other grounds. This court is bound by the well settled rules, first, that if the order of the trial court can be sustained on any one of the assigned grounds the appellate court must affirm the order (2 Cal. Jur. 808, sec. 476); and secondly, that

where there is a conflict of evidence an appellate court cannot interfere with the decision of the trial court granting a new trial on the ground of the insufficiency of the evidence (20 Cal. Jur. 111, sec. 71).

Defendant contends that there is no substantial conflict in the evidence and that therefore the rule last mentioned does not apply. An examination of the record, however, discloses a sharp and clear conflict. The real determination of the issues involved depended upon which story was to be believed—that of the plaintiff or that of the defendant. The plaintiff unequivocally denied the existence of the contract. Moreover, many of the facts testified to by defendant, such as her possession of the policy since 1927, the payment of all premiums by the defendant, the occupancy and rental for his own use of the defendant's house at Sacramento, the fact that plaintiff did not exercise the right given him to cash in the policy at the end of each five-year period, and others, are equally consistent with the plaintiff's testimony, on the one hand, as to the non-existence of the contract, or the defendant's testimony, on the other, that there was such a contract. All these things are equally consistent with the normal relationship of father and daughter, particularly a daughter who had been requested by the mother's will, as here, to give her father a helping hand, or with a contractual relationship, such as defendant claims was brought about by the agreement which the daughter so strenuously asserts and the father, equally strenuously, denies. Even the circumstance claimed by the defendant, that this litigation was brought about through the machinations of a former husband of the defendant (if such be the case), is not inconsistent, though defendant contends it is, with the claim of plaintiff that he never gave the policy to defendant, but on finding that she had it, he left it with her so that if he died without cashing it she would get the benefit of it. The lower court saw the witnesses, heard the testimony, and, although it first decided in favor of defendant, it later exercised the right, which this court cannot deny it under the circumstances, of changing that decision and granting a new trial. This court cannot hold it to be an abuse of discretion if the lower court grants a new trial in a case where the determination of the issues involved depends upon which of the parties who testify to completely contrary facts is to be believed.

Defendant contends that the evidence as a whole would not be legally sufficient to justify a decision in favor of plaintiff, had the court so decided, and therefore claims it was an abuse of discretion to grant plaintiff a new trial. To reach such a conclusion, however, defendant has to completely disregard the testimony of the plaintiff himself. Defendant practically takes the position that the mere possession by defendant of the insurance policy since 1927, and the payment of premiums thereon, requires the court to accept defendant's version of the circumstances under which she acquired the policy, or at least eliminates the right of the court to inquire into the circumstances of its acquisition. This, of course, is a fallacy, particularly where, as pointed out before, there existed the relationship of parent and child and these matters were as consistent with that relationship as with any contractual relationship. The solution of the case depends upon whether one believes the actions of the parties were motivated by the usual considerations which motivate the actions of father and daughter, or whether they were motivated by the additional consideration of a contract between them, and the determination of that question depends entirely upon which of the two stories is to be believed. There being a substantial conflict in the evidence the lower court was well within its rights in setting aside its previous determination of the case by granting a new trial.

The order granting the motion for new trial is affirmed.

Peters, P. J., and Knight, J., concurred.